IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| IN RE: MARRIOTT INTERNATIONAL CUSTOMER DATA SECURITY BREACH LITIGATION | * * * |
| THIS DOCUMENT RELATES TO ALL ACTIONS | *  MDL No.: 19-md-2879 *  JUDGE GRIMM |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CASE MANAGEMENT ORDER NO. 1

**I. INITIAL CASE CONFERENCE; APPOINTMENT OF INTERIM COORDINATING COUNSEL.**

This matter is scheduled for an Initial Case Management Conference ("CMC" or "conference") on **Friday, April 5, 2019 at 9:00 a.m.** At that time, the Court will, among other things, discuss the appointment of lead counsel for the plaintiffs, a plaintiffs' steering committee, and liaison counsel for plaintiffs and defendants.[1]

---

[1] As the parties are likely aware, the *Manual for Complex Litigation* contemplates two different roles for counsel in the organizational structure of an MDL. Lead Counsel is "[c]harged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation." *Manual for Complex Litigation* §10.221 at 25 (Federal Judicial Center 4th ed. 2004). Liaison Counsel is "charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments in the case, and otherwise assisting in the coordination of activities and positions." *Id.* at 24.

Between the date of this Case Management Order and the appointment of plaintiffs' lead counsel, plaintiffs' steering committee, and liaison counsel for plaintiffs and defendants, the Court intends to appoint Interim Coordinating Counsel to coordinate with all counsel with respect to the effective preparation for and conduct of the Case Management Conference. Accordingly, the Court hereby appoints Interim Coordinating Counsel, as follows:[2]

| **Plaintiffs' Interim Coordinating Counsel** | **Defendants' Coordinating Counsel** |
|---|---|
| **Megan Elizabeth Jones**<br>Hausfeld LLP<br>600 Montgomery St.<br>Suite 3200<br>San Francisco, CA 94111<br>(415) 633-1908<br>Fax: (415) 744-1968<br>mjones@hausfeldllp.com<br><br>**James J Pizzirusso**<br>Hausfeld LLP<br>1700 K Street<br>Ste 650<br>Washington, DC 20006<br>(202) 540-7200<br>Fax: (202) 540-7201<br>jpizzirusso@hausfeldllp.com<br><br>**Andrew N Friedman**<br>Cohen Milstein Sellers & Toll PLLC<br>1100 New York Ave NW<br>Suite 500 East<br>Washington, DC 20005-3964<br>(202) 408-4600<br>Fax: (202) 408-4699<br>afriedman@cohenmilstein.com | **Gilbert S Keteltas**<br>Baker and Hostetler LLP<br>1050 Connecticut Ave. NW Ste. 1100<br>Washington, DC 20036<br>(202) 861-1530<br>Fax: (202) 861-1783<br>gketeltas@bakerlaw.com<br><br>**Daniel R Warren**<br>Baker and Hostetler LLP<br>Key Tower 127 Public Square Ste. 2000<br>Cleveland, OH 44114<br>(216) 861-7145<br>Fax: (216) 696-0740<br>dwarren@bakerlaw.com<br><br>**Lisa M Ghannoum**<br>Baker and Hostetler LLP<br>Key Tower 127 Public Sq. Ste. 2000<br>Cleveland, OH 44114<br>(216) 861-7872<br>Fax: (216) 696-0740<br>lghannoum@bakerlaw.com |

---

[2] Interim Coordinating Counsel shall provide written confirmation of their acceptance of the role as Interim Coordinating Counsel by February 22, 2019.

Interim Coordinating Counsel will be responsible for working with all counsel to provide the information required by this Case Management Order in a timely manner, and to organize it in a manner that facilitates its review by the Court and all parties, to ensure the effectiveness of the Case Management Conference. Towards this end, Interim Coordinating Counsel shall endeavor to the maximum extent possible to obtain the input from all plaintiffs with respect to the topics contained in this Case Management Order.

1. Participation in the Case Management Conference. To minimize costs and facilitate a manageable conference, parties are not required to attend the conference, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the CMC. A party will not, by designating an attorney to represent its interests at the CMC, be precluded from other representation during the litigation. Parties who wish to participate (through counsel) in the conference by telephone conference call may do so as follows:

    **Dial-in Number: (877) 848-7030**
    **Participant Entry Code: 9549728-#**
    **Password: 040519**

    Counsel who participate via conference call **MUST** mute their telephone at all times, unless they are addressing the Court. Participants may press *6 to mute/un-mute their own line. Attendance (in person or by telephone) at this CMC will not waive objections to jurisdiction, venue, or service.

2. Counsel who appeared in a transferor court prior to transfer must enter an additional appearance before this Court in the master MDL as well as in the individual case to which it pertains. Attorneys admitted to practice and in good standing in any United States District Court are admitted to practice in this litigation pursuant to Rule 1.4 of

the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, but they still must complete the application for admission *pro hac vice* on this Court's website. *See* https://www.mdd.uscourts.gov/multidistrict-litigation-pro-hac-vice-admission. The requirements of Local Rule 101.1(b) regarding admission *pro hac vice* are otherwise waived. Association of local counsel is not required. Counsel appearing in this MDL are expected to familiarize themselves with all prior Court orders and proceedings, as well as the Local Rules of the District of Maryland.

3. Persons who are not named as parties in this litigation but may be joined later as parties or are parties in related litigation pending in other federal and state courts are invited to attend by counsel.

4. Interim Coordinating Counsel shall meet and confer in advance of the CMC and shall, at least fourteen calendar days prior to the CMC, submit a joint proposed agenda for review by the Court. In addition to any other issues raised by counsel, the agenda shall include the following items and submissions.

  - **Organizational Structure. Interim Coordinating Counsel shall be prepared to discuss the proposed organizational structure for** each group of parties whose interests are similarly aligned (for example, consumer plaintiffs, financial institution plaintiffs, securities violation plaintiffs), which shall include appointment of lead counsel, liaison counsel, and steering committees, if appropriate. These organizational structures are subject to approval of the Court. During the CMC, the Court will discuss the process of submitting applications for lead counsel, liaison counsel, and steering committee membership, and so on. Any proposals for organizational leadership that Interim Coordinating Counsel wish to

discuss at the CMC must be submitted at least fourteen calendar days prior to the CMC.

- **Summary of Current Status of Transferred Cases.** At least fourteen calendar days prior to the CMC, Plaintiffs' Interim Coordinating Counsel shall confer with counsel for all plaintiffs to prepare and provide the Court with a single submission on behalf of all plaintiffs, and Defendants' Interim Coordinating Counsel shall provide the Court with a single submission on behalf of the defendants (not to exceed 30 pages (unless otherwise ordered by the Court) per submission, double spaced and formatted as described more particularly in this Court's Local Rule 102.2(b)), outlining their views of: (a) the primary facts, allegations, claims, and defenses involved in the litigation, together with any other pertinent legal and factual background; (b) an overview of the procedural status of all potential and actual MDL cases, including: (1) the status of discovery to date, and (2) the status of motions, decisions, and other important events in the litigation, if any; (c) the status of any related state-court litigation; and (d) a prediction of the number of cases that may become a part of this MDL and the number of related cases that will remain in state courts. These briefs will not be binding, will not waive any claims or defenses, and may not be offered in evidence against a party in later proceedings. The parties shall be limited to one submission each for all plaintiffs and all defendants.

- **List of Affiliated Companies and Counsel**. To assist the Court in identifying any problems of recusal or disqualification, all counsel will submit to the Court by February 22, 2019 a list of all companies affiliated with the parties and all counsel

associated in the litigation. The list of all counsel of record shall include their contact information (addresses, work and cell telephone numbers, fax numbers, and e-mail addresses). These submissions should be in electronic format, as a Word document, emailed to lisa_bergstrom@mdd.uscourts.gov.

- **Case Management Order No. 2**. The Court will hear suggestions on the content and timing for submission of a proposed Case Management Order No. 2 ("CMO2"). In addition to the normal array of deadlines and other issues, the Court suggests any proposed CMO2 should address the following: (a) whether there should be distinct sub-tracks for similarly situated types of claims; (b) whether a master amended complaint (which supersedes previously filed complaints) should be filed with respect to any or all distinct sub-tracks; (c) the filing of preliminary motions to dismiss any master amended complaint(s); (d) how to deal with issues regarding class action certification; (e) discovery practice; (f) the need for appointment of any special master or judicial adjunct; (g) use of a preservation order, if appropriate; and (h) trial dates. The Court will discuss these matters with the parties at the CMC. The parties, through the Interim Coordinating Counsel, may submit a proposed draft CMO2. Given the importance of having lead counsel, steering committee, and liaison counsel in place before the deadlines in CMO2 take effect, counsel are encouraged to propose deadlines in any draft CMO2 to run from the date that Court-appointment to leadership positions has occurred (e.g., "two weeks after the appointment of lead counsel").

## II. APPLICATIONS FOR LEAD AND LIAISON COUNSEL APPOINTMENTS.

**Subject to the input of counsel during the CMC,** the Court intends to appoint plaintiffs' lead counsel and a plaintiffs' steering committee, as well as plaintiffs' liaison counsel. The

process for application for these positions will be discussed during the CMC; however, counsel are expected to pay particular attention to the discussion of factors that the Court should consider in selecting MDL leadership found at Section 10.224, Manual for Complex Litigation, Fourth.[3] Further, applications will be limited to 25 pages each, formatted as Local Rule 102.2(b) requires, with no more than 50 pages of attachments per applicant. These page limits will be strictly enforced. The Court only will consider attorneys who have filed a civil action in this litigation. The main criteria for these appointments are (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. Applications also should set forth attorney fee proposals, rates, and percentages that applications expect to seek if the litigation succeeds in creating a common fund.

### III. GOVERNING PROVISIONS PENDING ENTRY OF A CASE MANAGEMENT ORDER.

- Prior to the Court's entry of a comprehensive CMO2 governing all further pretrial proceedings in this case, the provisions of this Order shall govern the practice and procedure in all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of February 6, 2019 ("*MDL Transfer Order*"), ECF No. 1. This Order shall also apply to any "tag-along actions" later filed in, removed to, or transferred to this MDL Court.

---

[3] Applicants for leadership positions would be well served by reviewing the comments of Judge Lee in *Northern Indiana Public Service Co. v. Certain Underwriters at Lloyd's London*, No. 95-cv-331, 1996 WL 115466 (N.D. Ind. Mar. 5, 1996), regarding the obligation counsel appointed to leadership in MDL cases.

- The civil actions listed in Exhibit A to the *MDL Transfer Order* are consolidated for pretrial purposes. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which that party has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

- Counsel shall familiarize themselves with this Court's Local Rules, and with the current edition of the Manual for Complex Litigation, which is hereby adopted by the Court for general guidance. The provisions of this Order supersede any inconsistent provisions of the Court's Local Rules.

- All outstanding discovery proceedings in all MDL cases are stayed, and no further discovery shall be initiated pending entry of the Court's CMO2. The time requirements to perform any act or file any papers, pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, are tolled until the Court sets a discovery schedule.

- All parties shall take reasonable steps to preserve documents and other records (including electronic documents) containing information potentially relevant to the subject matter of this litigation.

- All orders, pleadings, motions, and other documents shall bear the same caption as this Order. If a document is generally applicable to all consolidated actions, the caption shall include the notation that it relates to "ALL CASES," and the Clerk will file and docket the document in the master case, Case No. 19-md-2879, as well as in each individual case. If a document is intended to apply only to a particular case or cases, then, in addition to bearing the same caption as this Order, it also should identify specifically by case caption each and every individual case to which it pertains.

- No pleadings or motions shall be filed until after the CMC. This does not apply to the briefs, applications for lead and liaison counsel, and other documents expressly requested in this Order.

- All filings shall be done electronically using the Case Management/Electronic Case Files system, in accordance with the Electronic Filing Policies and Procedure Manual for the United States District Court for the District of Maryland.[4] Service through ECF shall be deemed sufficient with no additional service required, with the exception of new Complaints filed and Subpoenas issued, which shall be done in accordance with the Federal Rules of Civil Procedure. Questions about filings in this case may be directed to the MDL clerks, United States District Court:

  >   Claudia Gibson
  >     (410) 962-3854
  >     Claudia_Gibson@mdd.uscourts.gov
  >   Kathryn Nader
  >     (301) 344-3102
  >     Kathryn_Nader@mdd.uscourts.gov
  >   MDL Coordinators
  >   District of Maryland
  >   Clerk of Court's Office

  Service of all documents not required to be filed with the Court shall be sent electronically to liaison counsel (and, for now, Interim Coordinating Counsel) for the parties. The Court prefers not to receive printed courtesy copies, unless specifically requested.

- Any document filed in any MDL case shall be filed with the Clerk of this Court and not with the transferor district court.

---

[4] The Court's "Electronic Filing Policies and Procedures Manual" is available at:
https://www.mdd.uscourts.gov/electronic-case-filing-information.
Attorneys submitting a new Attorney ECF Registration Form to this Court should indicate they are counsel of record in MDL No. 2879.

- Any paper filed in any MDL case that is substantially identical to any other paper filed in another MDL case shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers, they shall join in the submission of those papers and shall file only one paper on behalf of all so joined.

- Interim Coordinating Counsel for plaintiffs and defendants shall provide a copy of this Order to attorneys in all cases that are newly filed with or transferred to this MDL Court.

- Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admission, and answers and responses thereto need not be filed with the Court, except that discovery materials used in support of a motion or at trial shall be filed.

- Unless otherwise ordered by the Court, all substantive communications with the Court shall be in writing, with copies to opposing liaison counsel (and, for now, opposing Interim coordinating Counsel). Liaison counsel (and, for now, Interim Coordinating Counsel) shall be responsible for disseminating information to other counsel as appropriate.

- The Court recognizes that cooperation among counsel and parties is essential for the orderly and expeditious resolution of this litigation. The communication, transmission, or dissemination of information in connection with this case among and between plaintiffs' counsel, or among and between defendants' counsel, shall not, by itself, be deemed a waiver of the attorney-client privilege, the protection afforded by the work-product doctrine, the protection afforded to material prepared for litigation, the joint-prosecution or joint-defense privilege, or any other privilege to which a party may be entitled. Cooperative efforts between the parties and counsel shall not in any way be: (1) used

against any of the parties, (2) cited as purported evidence of a conspiracy, wrongful action, or wrongful conduct, or (3) communicated to the jury at the trial of any action. Nothing in this paragraph shall in any way affect the applicability of any privileges or protection against disclosure otherwise available under law.

- All time limits for responsive pleadings are suspended, and all discovery and motion practice are stayed, until after entry of the CMO2.

- Hearings shall not be held on any motions filed, except by Order of the Court.

- Any orders, including protective orders, previously entered by this Court or any transferor district court or state court before removal shall remain in full force and effect, unless expressly vacated by subsequent order of this Court.

- Upon remand of any action from this MDL Court to the transferor court, or to state court, the parties may be required to provide to that court copies of any documents previously filed. Similarly, the parties may be required to provide copies of documents to this Court that were filed before the case was transferred into the MDL.

**IT IS SO ORDERED.**

Date: February 13, 2019                                          /S/
                                                            Paul W. Grimm
                                                            United States District Judge